Filed 11/26/14  P. v. Crummer CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL J. CRUMMER,<br><br>        Defendant and Appellant. | A141712<br><br>(Contra Costa County<br>Super. Ct. No. 032486-3) |

Appellant Michael J. Crummer appeals from the trial court's denial of his petition[1] for resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (Pen. Code,[2] § 1170.126) (Three Strikes Reform Act).  Appellant's court appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 to determine if there are any arguable issues that require briefing.  Appellant was informed of his right to file a supplemental brief, but he did not do so.  We have independently reviewed the record and find no arguable issues.  Therefore, we affirm.

**BACKGROUND**

Appellant was convicted by a jury of felony assault with a deadly weapon (§ 245, subd. (a)(1)) and second degree robbery (§§ 211; 212.5, subd. (c)).  The jury found true

---

[1] Appellant denominated his filing in the trial court a *motion* for resentencing, but in accordance with the statutory language of section 1170.126, we will refer to it, as did the trial court in its written decision, as a *petition* for resentencing.

[2] All further statutory references are to the Penal Code.

1

allegations that appellant personally inflicted great bodily injury and personally used a deadly weapon (§§ 12022.7, subd. (a); 12022, subd. (b)(1)). The jury also found true the allegations that appellant had suffered two prior serious felony strike convictions within the meaning of section 667, subdivisions (b)-(i) and section 1170.12, and three prior prison convictions within the meaning of section 667.5, subdivision (b). (*People v. Sandefur* (Nov. 19, 2007, A110850) [nonpub. opn.], *1, *3.)[3]

A second jury found true additional allegations filed in an amended information that two of appellant's prior felony convictions, both of which had previously been alleged as strikes, also constituted prior serious felonies within the meaning of section 667, subdivision (a)(1). (*People v. Sandefur*, *supra*, A110850, *4-*5.)

Appellant was sentenced to an indeterminate term of 25 years to life for robbery, enhanced by a consecutive four-year term for inflicting great bodily injury and personal use of a deadly weapon, and by three consecutive one-year terms for three section 667.5, subdivision (b), prior prison terms, and by a consecutive five-year term for one of the two section 667, subdivision (a)(1), prior serious felony convictions. A separate three strikes sentence of 28 years to life for the assault was stayed pursuant to section 654. (*People v. Sandefur*, *supra*, A110850, *5.)

On direct appeal, this court modified the sentence to strike a one-year section 667.5, subdivision (b), prior prison term. Appellant's modified sentence was 36 years to life. The judgment as to appellant was affirmed in all other respects. (*People v. Sandefur*, *supra*, A110850, *13.)

In March 2014, appellant in propria persona filed a petition to recall his sentence under the Three Strikes Reform Act. The trial court denied the petition in a written decision, concluding that appellant was ineligible for resentencing because the third-strike second degree robbery conviction that triggered the indeterminate term of life imprisonment qualified as a violent felony (§ 667.5, subd. (c)(9)). The trial court also

---

[3] Appellant and co-defendant Maunice Sandefur were jointly tried and convicted; they both appealed. Our nonpublished opinion in *People v. Sandefur*, *supra*, A110850, addressed both appeals as well as a petition for writ of habeas corpus by appellant.

2

observed that the great bodily injury enhancement (§ 12022.7) found true by the jury rendered his robbery and assault convictions violent felonies (§ 667.5, subd. (c)(8)).

Appellant filed a timely notice of appeal from the order denying his petition for resentencing.

## DISCUSSION

Resolving one of the threshold issues presented in this case, our Supreme Court has held that a trial court's denial of a petition for resentencing under section 1170.126 is an appealable order. (*Teal v. Superior Court* (Nov. 6, 2014, S211708) __ Cal.4th __, 2014 WL 5739048.)

The second preliminary issue is whether an appellant is entitled to independent review under *Wende* on appeal from the denial of a petition for resentencing under the Three Strikes Reform Act. Although one court has held that due process does not require *Wende*'s procedures in this context (see *People v. Anderson* (2014) 229 Cal.App.4th 925, 930, 934), we will conduct an independent review of the record

Considering the merits, the petition for resentencing was properly denied. Section 1170.126 provides that an inmate is eligible for resentencing if "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are *not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7*." (§ 1170.126, subd. (e)(1), italics added.) Section 667.5 defines as a violent felony both "any robbery" and "any felony in which the defendant inflicts great bodily injury on any person other than an accomplice" pursuant to section 12022.7. (§ 667.5, subds. (c)(8), (c)(9).) Appellant was convicted of second degree robbery, and the jury found that appellant personally inflicted great bodily injury pursuant to section 12022.7, subdivision (a). Appellant was not eligible for resentencing.

## DISPOSITION

The trial court's order is affirmed.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.